| | AUSA: | DePorre | Telephone: | (810) 766-5177 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Wickwire | Telephone: | (810) 341-5710 |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
v.

Quinton Jabiri-Dakarai LARRY

Case: 4:19-mj-30489
Judge: Hluchaniuk, Michael J.
Filed: 09-12-2019
CMP USA v QUINTON JABIRI-DAKARAI LARRY (TH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 11, 2019__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a firearm |

This criminal complaint is based on these facts:

Defendant having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed firearms that were shipped and transported in interstate commerce and foreign commerce, in violation of 18 United States Code, Section 922(g)(1).

☑ Continued on the attached sheet.

_____
Complainant's signature

Jonathan Wickwire, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

_____
Judge's signature

Date: September 12, 2019

City and state: Flint, MI

Michael Hluchaniuk, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Jonathan Wickwire, being duly sworn, depose and state the following:

## INTRODUCTION

1. I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since November 2016. I am currently assigned to the Detroit, Michigan Field Division, Flint Field Office. I am tasked with investigating violations of firearms and narcotics laws. Also, I have been involved in many investigations related to violations of federal firearms and narcotics laws. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for about 12 years. I held several positions with MSP, including Task Force Officer with ATF. During this employment, I investigated numerous incidents involving violations of state and federal firearms and narcotics laws.

2. I make this affidavit with personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

1

3.     My investigation established probable cause that Quinton Jabiri-Dakarai LARRY (DOB XX/XX/1990) possessed a firearm in violation of Title 18, United States Code, Section 922(g)(1).

## PROBABLE CAUSE

4.     On September 11, 2019, I received information that Quinton Jabiri-Dakarai LARRY (DOB XX/XX/1990), a previously convicted felon, reported to the Michigan Department of Corrections Probation Office in Flint, Michigan and was found to be in possession of a firearm.

5.     On September 11, 2019, around 3:30 pm, LARRY arrived at the Michigan Department of Corrections Probation Office for a compliance check with his Probation Officer Stephanie Rinoldo. While inside the probation office, Parole Agent Gene McKinstry asked LARRY how he got to the probation office. LARRY informed Parole Agent McKinstry that a person named Karisma dropped him off. He said Karisma was driving a black vehicle.

6.     Parole Agent McKinstry located Karisma in the parking lot across from the probation office. Karisma was sitting in the driver seat of a black in color Chevrolet Trax. Parole Agent McKinstry went to the passenger side window of the Trax and made contact with Karisma. He asked if she dropped of LARRY and she stated that she did. While standing

at the passenger window, Parole Agent McKinstry observed a black in color handgun in plain view on the floorboard at the front passenger seat. Parole Agent McKinstry opened the passenger door and asked Karisma if that gun belonged to her and she stated that it did not. He then asked Karisma who owned the vehicle and she stated that she did not know.

7.  Parole Agent McKinstry requested Karisma exit the vehicle and she complied. As she exited the vehicle, she retrieved a large amount of United States Currency out of the glove compartment. Karisma granted Parole Agent McKinstry consent to search the vehicle.

8.  Parole Agent McKinstry contacted me and informed me of the situation. Special Agents Dustin Hurt, Nathan Sutara, and I responded to the parking lot. While traveling to the location, agents were advised that another person driving a gray Dodge Charger had picked up Karisma and driven from the area.

9.  As we arrived at the parking lot, I observed a gray in color Dodge Charger backing up into a parking space. I also observed Parole Agent McKinstry standing next to the passenger side door of a black in color Chevrolet Trax. Parole Agent McKinstry indicated to me that Karisma was in the passenger seat of the Charger.

10. Special Agent Nathan Sutara and I conducted an interview of Karisma Hogan in the parking lot across the street from the probation officer. She was informed of the nature of the interview. Karisma indicated she did not know the firearm was in the car. She confirmed she drove LARRY to the probation office. Karisma confirmed she drove the vehicle and LARRY was in the front passenger seat. She said that LARRY and another female came to her house in the black Trax and woke her up and asked her to drive them to the airport. She said "Cece" was the other female. She said she drove the vehicle from her house to the airport where "Cece" was dropped off. Karisma and LARRY then left the airport, stopped at a store down the road from the airport, and drove to the probation office. She was contacted by Parole Agent McKinstry, who saw the firearm. Karisma said LARRY was on the phone the whole time, and she did not know the firearm was in the vehicle.

11. After speaking with Karisma, I walked over to the Chevrolet Trax and observed a black in color handgun partially inside a plastic grocery style bag sitting on the front passenger side floorboard. I retrieved the firearm from the bag and removed the magazine. I then pulled the slide to the rear, and a live cartridge ejected from the chamber. The firearm was

identified as a .45 Auto caliber semiautomatic pistol made by Sturm, Ruger, & Company, Inc., model SR45, with serial number 380-27027.

12. I also retrieved the plastic grocery bag and found a small brush, some lotion, deodorant, and a bottle of men's cologne.

13. I determined the recovered pistol was manufactured outside the State of Michigan. I am an expert in interstate nexus analysis for firearms. Therefore, the firearm traveled through interstate and/or foreign commerce before LARRY possessed it.

14. Prior to this incident, LARRY was identified as a suspect in several armed robberies of Check N' Go and Advance America stores in the Flint area. During the robberies, a black in color handgun was used. I reviewed photographs of surveillance video and observed a black in color hand which displayed the same physical characteristics as the firearm recovered in the Chevrolet Trax. Based on this, the recovered firearm appears to be the same make and model as the firearm used during the armed robberies.

15. I conducted a query of the recovered firearm using the Law Enforcement Information Network and the results indicated the firearm was reported stolen to the Mount Morris Police Department in 2014.

16. I obtained a copy of LARRY's judgement of sentence from the Common Pleas Court of Erie County Ohio for which he was on probation. The judgement indicated that LARRY was convicted of Attempted Having Weapons While Under Disability, a fourth degree felony. This felony offense is punishable by more than one year in prison (18 months). The judgement also advised Larry that federal law prohibited him from ever possessing firearms.

## CONCLUSION

17. Based on my investigation, probable cause exists that Quinton LARRY, violated Title 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

Respectfully submitted,

ATF Special Agent Jonathan Wickwire

Sword to and subscribed before me on this
12th day of September 2019

HON. MICHAEL HLUCHANIUK
UNITED STATES MAGISTRATE JUDGE

6